The defendants pleaded not guilty, and filed a brief statement pursuant to the provision of the statute of 1793, Feb. 25, c. 11, alleging that Saxton, one of the defendants, was a deputy of Ebenezer Matioon, Esq., sheriff of the county; and that, by virtue of a warrant directed to him for apprehending the plaintiff’s body, he broke and entered his.house, as it was lawful for him to do; that he took the goods mentioned by virtue of an execution to him directed against the plaintiff, which he then held, and for satisfying the same; and that the other defendants were then aiding and assisting him in the due discharge of the duty of his said office.
At the last December adjournment, the action was tried before Sedgwick, J., and before verdict, the plaintiff entered upon the record a release of all damages, on account of the terrifying and falsely imprisoning his daughter. There was a verdict for the plaintiff. After which, Ashman, for the defendants, moved that judgment should be arrested, because in the declaration it is, amongst other things, alleged that the defendants did assault, terrify, and imprison the wife and daughter of the plaintiff, against the peace, &c., and *192 he contended that there were three distinct and several [ * 223 ] causes of * action, which could not-be joined. For the injury to the daughter, she must bring her own action, and for that to the wife, the husband and wife ought to join.
Bliss, for the plaintiffs,
said he was not concerned in drawing the declaration, but that, as to the injury to the wife, he thought it alleged merely as matter of aggravation; and the injury to the daughter was out of the case by the plaintiff’s release.
And of this opinion was the Court (1).

Judgment according to the verdict

 [1 Chitty, 442, 443, 5th Lon don ed.—Ed.]